**The COCA–COLA COMPANY et al., Plaintiffs-Appellants,**

v.

**FEDERAL TRADE COMMISSION, Defendant-Appellee.**

No. 72–2270.

United States Court of Appeals, Fifth Circuit.

Feb. 15. 1973.

---

Charles Gowen, Atlanta, Ga., Edward Wolfe, Mario Diaz-Cruz, Thomas Kiernan, New York City, for Coca-Cola Co.

Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Emmet J. Bondurant, Atlanta, Ga., Gordon Spivak, New York City, for Coca-Cola-Thomas, 3rd.

Randolph W. Thrower, William M. Hames, Atlanta, Ga., Elberton Coca-Cola Bottling Co.

John W. Stokes, Jr., U. S. Atty., Julian M. Longley, Jr., Asst. U. S. Atty., Atlanta, Ga., Ronald M. Dietrich, James T. Timony, Harold D. Rhynedance, Jr., General Counsel, Federal Trade Comm., Washington, D. C., for defendant-appellee.

Before JOHN R. BROWN, Chief Judge, INGRAHAM, Circuit Judge, and McRAE, District Judge.

WILLIAM A. McRAE, Jr., District Judge:*

The litigation from which this appeal arises is peripheral to proceedings that

the Federal Trade Commission, defendant-appellee, (FTC) initiated on July 15, 1971, against The Coca-Cola Company, Coca-Cola Bottling Co., Inc., Coca-Cola Bottling Works, Inc., and Coca-Cola Bottling Works 3rd, Inc., plaintiffs-appellants (The Companies). The FTC brought these administrative proceedings (Docket No. 8855) pursuant to its authority and responsibility "to prevent . . . corporations . . . from using unfair methods of competition in commerce . . ." 15 U.S.C. § 45(a) (6). The FTC has alleged principally that territorial restraints incident to sales and trademark licensing by The Companies constitute an antitrust violation. The merits of this contention, which the FTC has made the basis of complaints against seven similar enterprises,[1] are not at issue here.

In Docket No. 8855, The Companies set up as an affirmative defense the failure to join as indispensable parties each of the seven hundred ninety-two individual bottling companies with whom The Companies have contractual relationships or, alternatively, the failure to join representative bottling companies sufficient to protect mutually antagonistic interests of relevant subclasses of bottling companies.[2] Thereafter, the FTC permitted seven bottling companies[3] in their individual capacities to intervene in Docket No. 8855, and these Bottlers-Intervenors adopted the position of The Companies on the indispensable party issue.

On January 7, 1972, the hearing examiner denied the motions to dismiss.

---

* Judge McRae prepared the above opinion before his death January 27, 1973.

1. The six other manufacturers of soft drink syrups are Dr Pepper, Cott, Crush, Royal Crown Cola, Pepsi Cola and The Seven-Up Company. The same contentions plaintiffs make here were unsuccessfully pressed by The Seven-Up Company in The Seven-Up Company v. Goodhope et al., 349 F.Supp. 551 (E.D.Mo., Sept. 12, 1972) and by Pepsi Co., Inc., in Pepsi Co., Inc. v. Federal Trade Commission et al., 343 F.Supp. 396 (S.D.N.Y.1972), aff'd Nos. 72–1911, 72–1912, 472 F.2d 179 (2 Cir. 1972) (Medina J., dissenting).

2. At oral argument, counsel for appellants suggested that at least three classes of bottlers should be represented: "true metropolitan," "quasi-metropolitan" and "non-metropolitan."

3. Appellants Elberton Coca-Cola Bottling Co., Roddy Manufacturing Company, Westminster Coca-Cola Bottling Company, Inc., Coca-Cola Bottling Company of Keene, Inc., Ann Arbor Coca-Cola Bottling Company, The Scioto Coca-Cola Bottling Company, and Texas Coca-Cola Bottling Company (hereinafter Bottlers-Intervenors).

Seeking intra-agency reconsideration of the hearing examiner's adverse decision on the indispensable parties question, The Companies and the Bottlers-Intervenors asked for and obtained *de novo* review by the Commission. After a hearing, the Commission, also, denied the motions to dismiss in Docket No. 8855 on March 23, 1972.

■ On April 18, 1972, The Companies and the Bottlers-Intervenors filed their complaint in the Northern District of Georgia seeking a declaratory judgment on the indispensable parties question and asking that the FTC be enjoined from proceeding further unless there was joinder of the parties adjudged indispensable. The District Court, 342 F.Supp. 670, granted FTC's motion to dismiss and denied relief. We affirm that disposition of the case. The Court below did not reach the merits of the controversy about the indispensability of the contract bottlers or appropriate class representatives, nor do we. We agree that judicial resolution of that question at this juncture would be premature.

In Frito-Lay, Inc. v. Federal Trade Commission, 380 F.2d 8 (5th Cir. 1967), this Court declined to disturb the decision of the District Court not to interfere in the ongoing Commission proceeding even though the plaintiff there alleged that "the administrative proceeding was outside of the jurisdiction of the Commission." *Id.* at 9. Plaintiffs in the present case allege nothing that comes so close as the allegations in *Frito-Lay, Inc.,* to fitting within the tightly circumscribed exceptions to "the long-settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 50–51, 58 S.Ct. 459, 463, 82 L.Ed. 638 (1938).

■ The Federal Trade Commission Act, 15 U.S.C. § 41 et seq., contemplates judicial review only of "an order of the Commission to cease and desist," 15 U.S.C. § 45(c), and then only "in the court of appeals of the United States." *Id.* This scheme is fully consonant with the Administrative Procedure Act, 5 U.S.C. § 551 et seq.[4] The Supreme Court has said, moreover, that where Congress "has enacted a specific statutory scheme for obtaining review, . . . the doctrine of exhaustion of administrative remedies . . . requires that the statutory mode of review be adhered to notwithstanding the absence of an express statutory command of exclusiveness." Whitney Nat'l Bank v. Bank of New Orleans, 379 U.S. 411, 422, 85 S.Ct. 551, 558, 13 L.Ed.2d 386 (1965). If a procedure for review prescribed by statute ought to be deemed exclusive absent an explicit requirement, there can be little doubt in the present case that the mandatory provision of the Federal Trade Commission Act that "the jurisdiction of the court of appeals . . . shall be exclusive," 15 U.S.C. § 45(d) means what it says. This is not to suggest, however, that a different disposition of this case would have been warranted if the plaintiffs had come directly to this Court. Texaco, Inc. v. Federal Trade Commission, 301 F.2d 662 (1962).

The present case is not one raising "questions particularly high in the scale of our national interest because of their international complexion," McCulloch v. Marineros de Honduras, 372 U.S. 10, 17, 83 S.Ct. 671, 675, 9 L.Ed.2d 547 (1963)

---

4. Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review. A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action. Except as otherwise expressly required by statute, agency action otherwise final is final for the purposes of this section whether or not there has been presented or determined an application for a declaratory order, for any form of reconsideration, or, unless the agency otherwise requires by rule and provides that the action meanwhile is inoperative, for an appeal to superior agency authority.

and, therefore, affording "a uniquely compelling justification for prompt judicial resolution," *id.*, of a controversy normally left to an agency for initial disposition. Nor is the present case one in which the imposition of criminal sanctions turns on the procedural niceties of administrative law. *See, e. g.,* Gutknecht v. United States, 396 U.S. 295, 90 S.Ct. 506, 24 L.Ed.2d 532 (1969); United States v. Davila, 429 F.2d 481 (5th Cir. 1970).

■ The most widely recognized exception to the general rule against judicial consideration of interlocutory agency rulings is the class of cases where an agency has exercised authority in excess of its jurisdiction or otherwise acted in a manner that is clearly at odds with the specific language of a statute. The leading case of this kind is Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed. 2d 210 (1958). In *Kyne,* the National Labor Relations Board had grouped professionals with non-professionals in the same bargaining unit without a vote of the professionals, in defiance of an express statutory prohibition. Since this "was an attempted exercise of power that had been specifically withheld," at 189, 79 S.Ct. at 184, it was properly enjoined by the District Court. The rule that only "a plain contravention of a statutory mandate" justifies district court intervention before termination of election procedures in labor cases has been followed in this Circuit, Boire v. Miami Herald Publishing Co., 343 F.2d 17, 24 (1965), and an analogous rule has been applied to Federal Trade Commission proceedings. Federal Trade Commission v. J. Weingarten, Inc., 336 F.2d 687 (5th Cir. 1964).[5] The rule that agency action "contrary to a specific mandate of . . . [an] Act [of Congress]" Templeton, *supra* at 1069, is remediable judicially before administrative proceedings are at an end has been applied in the context of other agencies,

notably in selective service cases, see, e. g., Oestereich v. Selective Service Board, 393 U.S. 233, 89 S.Ct. 414, 21 L. Ed.2d 402 (1968); Breen v. Selective Service Board, 396 U.S. 460, 90 S.Ct. 661, 24 L.Ed.2d 653 (1970). What is as clear as this exception to the general requirement of exhaustion of administrative remedies, however, is that plaintiffs in the present case do not fit within it.

■■ The remaining "exception" to the requirement that courts await final agency action before reviewing disputes engendered by the conduct of administrative proceedings "has," as the learned trial judge observed, "only limited application in the Fifth Circuit," citing Boire v. Miami Herald Publishing Co., 343 F.2d 17, 21 n. 7 (5th Cir. 1965). Although by now it is probably a correct statement of the law even in our own circuit that an "assertion of constitutional right . . . not transparently frivolous . . . [gives] the District Court jurisdiction" to hear an attack on an interlocutory agency order, Fay v. Douds, 172 F.2d 720 (2nd Cir. 1949) (L. Hand); *Contra,* Volney Felt Mills, Inc. v. Le Bus, 196 F.2d 497 (5th Cir. 1952), the "fact that the attack is voiced in conclusory language of a denial of due process and like constitutional rights does not warrant stopping . . . [an administrative agency] in its tracks." Bokat v. Tidewater Equipment Co., 363 F.2d 667, 672 (5th Cir. 1966). When, as in the present case, parties bring suit in District Court alleging the deprivation of specific constitutional rights or, indeed, specific statutory rights, Leedom v. Kyne, supra, the District Court has jurisdiction to inquire into the preliminary question of whether judicial vindication of the alleged rights is appropriate in a given procedural setting, and if so, whether such rights have been infringed and how they ought to be redressed.

■ In the present case, the plaintiffs specifically complain that, if the proceed-

5. The decision in Templeton v. Dixie Color Printing Co., 444 F.2d 1064 (5th Cir. 1971) stands for the proposition that the question of the propriety of district court

action does not turn on whether clear statutory language requires action to be taken or to be forborne.

ings before the Commission continue and FTC prevails, The Companies will be subject to two inconsistent decrees, *viz.*, the apprehended Commission order and a consent decree entered by a District Court in The Coca-Cola Bottling Co. v. The Coca-Cola Co., 269 F. 796 (D.Del. 1920). A contention of *res judicata* is not cognizable by courts until administrative proceedings are at an end, SEC v. Otis & Co., 338 U.S. 843, 70 S.Ct. 89, 94 L.Ed. 516 (1949), and we intimate no view as to the merits of this contention. The plaintiffs go further, projecting the outline of disarray and disaster sketched by the technical res judicata argument by conjuring up the vision of The Companies defending some 800 lawsuits simultaneously. This formidable problem, plaintiffs argue, might be avoided by the expedient of making all potential litigants parties to the Commission proceeding.[6]

■ The "right" to be free from defending a multiplicity of lawsuits is not a statutory right, not a constitutional right and, in the context of the present case, not a right at all but an equitable principle properly looked to by an equity court only after it has satisfied itself that it has the power and responsibility to do equity. The extraordinary remedy of judicial intervention in agency proceedings still in progress is unavailable unless necessary to vindicate an unambiguous statutory or constitutional right, and only when this condition is satisfied will a court look to the general body of equitable jurisprudence and other appropriate sources for the purpose of fashioning relief. To adopt the plaintiffs' position, on the other hand, would be to make the rule that judicial intervention to "correct" an interlocutory agency ruling is available wherever an agency ruling differed from some equitable maxim.

In part, plaintiffs' argument is grounded not on a right unequivocally vested in them by statute but on asserted constitutional rights of third parties, namely the non-joined bottlers' respective rights to due process. It is always refreshing when giant corporations evince solicitous regard for others' rights —and we have learned to expect refreshment from The Coca-Cola Company—but it is no occasion for judicial review of interlocutory agency decisions. As to the plaintiffs' own right in this regard, we have little to add to Judge Friendly's scholarly discussion in Pepsi Co., Inc. v. Federal Trade Commission et al., Nos. 72–1911, 72–1912, 2nd Cir.1972, 472 F. 2d 179. See, e. g. United States v. Arnold, Schwinn & Co., 388 U.S. 365, 87 S.Ct. 1856, 18 L.Ed.2d 1249 (1967).

■ The plaintiffs are asking that a procedural, "case-handling" decision be overturned *in media res* to require joinder "with the concomitant complication and clutter of the hearing." L. Jaffe, Judicial Control of Administrative Action 444 (1965). If trial courts are insulated from this kind of interference, see 28 U.S.C. § 1292(a), certainly administrative tribunals ought to be and, indeed, they generally have been immune from interlocutory review of procedural rulings. E. g., Texaco, Inc. v. Federal Power Commission, 117 U.S.App.D.C. 268, 329 F.2d 223 (1963), cert. denied, 375 U.S. 941, 84 S.Ct. 346, 11 L.Ed.2d 272 (1964); Chicago Automobile Trade Association v. Madden, 328 F.2d 766, 769 (7th Cir.) cert. denied, 377 U.S. 979, 84 S.Ct. 1885, 12 L.Ed.2d 747 (1964). If plaintiffs eventually prevail on review of the final order and it is necessary to begin anew with Commission proceedings, it will not be the first time events have taken that course. See Riss & Co. v. United States, 341 U.S. 907, 71 S.Ct. 620, 95 L.Ed. 1345 (1951). For the time

---

6. Like the majority in Pepsi Co. Inc. v. Federal Trade Commission et al. Nos. 72–1911, 72–1912, 472 F.2d 179 (2nd Cir. 1972), we are "astonished" at the "proposition that a court would hold one person liable to another for doing some-

thing within the United States which a federal administrative agency, acting within its jurisdiction, has found to be necessary for the enforcement of a federal regulatory statute."

being, plaintiffs "must, as all others similarly situated must, wait with such fortitude and patience as . . . [they] can muster." Volney Felt Mills, Inc. v. Le Bus, 196 F.2d 497, 498 (5th Cir. 1952).

Affirmed.