The SEVEN-UP COMPANY, Appellant,

v.

FEDERAL TRADE COMMISSION et al., Appellees.

No. 72–1680.

United States Court of Appeals, Eighth Circuit.

Argued April 12, 1973.

Decided May 31, 1973.

---

———◆———

Earl W. Kintner, and Mark R. Joelson, Washington, D. C., for appellant.

James P. Timony, Atty., F. T. C., Washington, D. C., for appellees.

Before LAY and STEPHENSON, Circuit Judges, and TALBOT SMITH, District Judge.*

STEPHENSON, Circuit Judge.

The Seven-Up Company appeals from the order of the District Court dismissing appellant's claim for lack of subject matter jurisdiction. Seven-Up sought below to enjoin the Federal Trade Commission from further action in its proceedings against Seven-Up, alleging that the administrative proceeding itself is fatally defective without the joinder of Seven-Up's 470 bottlers as indispensible parties.

Seven-Up, along with several other major soft drink manufacturers,[1] has been charged by the FTC with using an unfair method of competition through its license agreements with bottlers whereby the bottlers agree to not sell outside of designated geographical areas. Seven-Up moved to dismiss the administrative complaint, claiming that the bottlers are indispensible parties since they have important contract rights which are at stake in the proceedings. The motion to dismiss was denied by the Hearing Examiner whose order was then upheld by the Commission.[2] Seven-Up then petitioned the District Court for both injunctive and declaratory relief.

The Coca-Cola Company and PepsiCo., Inc., other respondents in the FTC proceedings, have both unsuccessfully presented the identical claim to the Fifth and Second Circuits. Coca-Cola Company v. FTC, 475 F.2d 299 (CA5 1973) and PepsiCo., Inc. v. FTC, 472 F.2d 179 (CA2 1972). We particularly agree with the reasoning of the Fifth Circuit and likewise hold that the action was properly dismissed for lack of subject matter jurisdiction.

Federal Courts have traditionally declined to interfere with on-going agency proceedings under the doctrine requiring exhaustion of administrative remedies. See, McGee v. United States, 402 U.S. 479, 91 S.Ct. 1565, 29 L.Ed.2d 47 (1971); McKart v. United States, 395 U.S. 185,

---

* Eastern District of Michigan, sitting by designation.

1. The manufacturers were charged in separate complaints.

2. While we do not reach the merits of the indispensible party issue, we note that the joinder question also contains a dispute as to the underlying facts. The Hearing Examiner allowed any of the 470 bottlers to intervene if they so wished. One intervened. Seven-Up, however, asserts that this right to intervene was "limited" and insufficient. The FTC disagrees. See, e. g., PepsiCo., Inc. v. F. T. C., 472 F.2d 179, 183–184 (CA2 1972).

89 S.Ct. 1657, 23 L.Ed.2d 194 (1969) and Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 50–52, 58 S.Ct. 459, 82 L.Ed. 638 (1938). Furthermore, Congress has here specified a statutory scheme which contemplates judicial review of cease and desist orders issued by the FTC exclusively by a court of appeals. 15 U.S.C. § 45 (c) and (d) provide in pertinent part that:

> (c) Any person, . . . required by an order of the Commission to cease and desist from using any method of competition or act or practice may obtain a review of such order in the court of appeals of the United States,
>
> . . .
>
> (d) . . . the jurisdiction of the court of appeals . . . shall be exclusive.

This is fully in harmony with § 10(c) of the Administrative Procedure Act. See 5 U.S.C. § 704 and *Coca-Cola, supra,* 475 F.2d at 302.

The statutory provisions for review, however, have been held not to preclude district court review under *all* circumstances. *See* Elmo Division of Drive-X Co. v. Dixon, 121 U.S.App.D.C. 113, 348 F.2d 342, 343 (1965) and *PepsiCo, supra,* 472 F.2d at 185. *Compare, Coca-Cola, supra,* 475 F.2d at 302. It has been held that district courts have jurisdiction to grant relief during agency proceedings which are not yet final in certain specific instances. These include, (1) where the agency has acted in excess of its delegated powers or contrary to a specific statutory mandate. Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958); (2) where the proceedings involve questions of high national interest because of their international complexion. McCulloch v. Sociedad Nacional de Marineros de Honduras, 372 U.S. 10, 83 S.Ct. 671, 9 L.Ed.2d 547 (1963) and (3) where the agency has clearly violated the constitutional rights of the party seeking prior restraint. Fay v. Douds, 172 F.2d 720 (CA2 1949). Seven-Up clearly has not brought itself within any of these exceptions to the rule against judicial review of interlocutory agency rulings.

Seven-Up further asserts, however, that the FTC's refusal to join the bottlers as parties in its proceedings amounts to "final agency action for which there is no other adequate remedy in a court" under the Administrative Procedure Act. 5 U.S.C. § 704. We disagree, for while the Commission's ruling on Seven-Up's motion at the most amounts to final agency action on the joinder issue, judicial review by a court of appeals can clearly be had once the Commission's proceedings are concluded. 5 U.S.C. § 704 goes on to provide that an interlocutory agency ruling "is subject to review on the review of the final agency action." Neither are we convinced that the absence of the bottlers as parties renders the proceedings so fundamentally defective that immediate judicial relief is required. As the Fifth Circuit stated in *Coca-Cola,* 475 F.2d at 304:

> The extraordinary remedy of judicial intervention in agency proceedings still in process is unavailable unless necessary to vindicate an unambiguous statutory or constitutional right, and only when this condition is satisfied will a court look to the general body of equitable jurisprudence and other appropriate sources for the purpose of fashioning relief. To adopt the plaintiffs' position, on the other hand, would be to make the rule that judicial intervention to "correct" an interlocutory agency ruling is available wherever an agency ruling differed from some equitable maxim.

We conclude that Seven-Up must await a cease and desist order by the FTC, if such is ever to be issued, before jurisdiction will lie for a review of the interlocutory ruling it challenges.[3]

Affirmed.

---

3. We reject as without merit Seven-Up's contention that the standard of review on the joinder question, once the agency *proceedings are completed, will necessarily be more stringent.*