AMERICAN GENERAL INSURANCE COMPANY and Fidelity and Deposit Company of Maryland, Plaintiffs-Appellants,

v.

FEDERAL TRADE COMMISSION et al., Defendants-Appellees.

No. 73–2905.

United States Court of Appeals, Fifth Circuit.

June 27, 1974.

**198**

Leroy Jeffers, John L. Murchison, Jr., David T. Harvin, George F. Reed, Houston, Tex., for Amer. Gen. Ins. Co.

Richard F. Ober, Gen. Counsel, Decatur H. Miller, Baltimore, Md., for Fidelity & Deposit Co. of Maryland.

Charles Tobin, Secretary, Ernest G. Barnes, Asst. Director, Nicholas S. Reynolds, Louis R. Sernoff, Attys., Federal Trade Commission Washington, D. C., Robert E. Kopp, Dept. of Justice, Neil H. Koslowe, Washington, D. C., Gerald Hardwood, Actg. Asst. Gen. Counsel, John T. Fischbach, Atty., Federal Trade Commission, Washington, D. C., for defendants-appellees.

Before DYER and MORGAN, Circuit Judges, and KRAFT, District Judge.

LEWIS R. MORGAN, Circuit Judge:

In this case, plaintiffs-appellants seek to enjoin the Federal Trade Commission from proceeding against them under § 7 of the Clayton Act, 15 U.S.C. § 18, on the ground that the McCarran-Ferguson Act, 15 U.S.C. §§ 1011–1015, deprives the Commission of jurisdiction over the case. Finding that any such injunction would be premature at this time, we affirm the district court's dismissal of the complaint.

On June 17, 1971, the Commission issued a complaint, Commission Docket No. 8847, against the Texas-based American General Insurance Co., charging that American General had violated § 7 of the Clayton Act by reason of its merger with Fidelity and Deposit Co. of Maryland. See 15 U.S.C. § 21. The complaint charged that the effect of the merger "may be substantially to lessen competition or to tend to create a monopoly in the business of underwriting fidelity and surety bonds in the United States. . . ."

American General responded that the complaint failed to state a claim, denied the principal allegations of the complaint, and argued that the Commission was without jurisdiction to issue the complaint because the

. . . transaction which is the subject matter of the Commission's Complaint involves the business of insurance, which is regulated by State law. Accordingly, the McCarran-Ferguson Act, 15 U.S.C. §§ 1011–15 (1945), renders inapplicable section 7 of the Clayton Act, as amended, 15 U.S.C. § 18, to the merger of respondent American General Insurance Company with Fidelity & Deposit Company of Maryland.

Subsequently, Fidelity & Deposit was permitted to intervene in the administrative proceedings.

On December 27, 1971, American General moved for summary judgment on the issue of jurisdiction under Section 3.24 of the Commission's rules, 16 C.F.R. § 3.24. On March 7, 1972, an administrative law judge ruled that the Commission lacked jurisdiction to issue the complaint because the "States of Maryland and Texas, and many of the other states, have laws, capable of being enforced, which regulate the business of insurance, within the contemplation and meaning of the McCarran-Ferguson Act."

Commission counsel appealed the decision of the administrative law judge to the Commission. A three-member ma-

jority held that jurisdiction was not barred by the McCarran-Ferguson Act because the states could not regulate the merger activity of national insurance companies. In addition, the Commission held that "the business of insurance for which regulation by a state may preempt Federal jurisdiction does not include mergers or other combinations of enterprises engaged in the activity of selling insurance." In its opinion, the Commission vacated the initial decision and remanded the case to the administrative law judge for further proceedings.

On March 5, 1973, American General and Fidelity & Deposit filed a complaint in the United States District Court for the Southern District of Texas seeking a declaratory judgment that the McCarran-Ferguson Act immunized the merger from § 7, and injunctive relief "prohibiting Defendants from conducting any further proceedings in FTC Docket No. 8847."

■■ On June 5, 1973, 359 F.Supp. 887, the court denied plaintiffs' motion for a preliminary injunction and granted defendants' motion to dismiss "for failure to exhaust administrative remedies." The court concluded

. . . that there has not yet been any final agency action, that the Federal Trade Commission has not clearly exceeded the bounds of its jurisdiction, and that the Plaintiffs have an adequate remedy at law through review of the final Commission order as provided by the Clayton Act. . . .

The court opined that were it to reach the merits, it would uphold the Commission's position: "because a state cannot regulate extraterritorially, the potential regulation of the instant merger by Texas and Maryland, the domiciliary states of the Plaintiffs, does not by way of the McCarran-Ferguson Act deprive the Commission of jurisdiction to challenge the merger under Section 7 of the Clayton Act when the impact of the merger obviously will be felt in all fifty states." The plaintiffs have appealed.

The rule that a plaintiff must exhaust all available administrative remedies before coming to a federal court for relief is old and well-established. In Myers v. Bethlehem Shipbuilding Corporation, 303 U.S. 41, 51, 58 S.Ct. 459, 463, 82 L. Ed. 638 (1938) the Supreme Court referred to

. . . the long settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted. That rule has been repeatedly acted on in cases where, as here, the contention is made that the administrative body lacked power over the subject matter. [footnote omitted].

It is true that certain distinguished commentators have questioned whether the rule is as firm as the Myers Court would imply. K. Davis, Administrative Law Treatise, § 20.02 (1958). Nevertheless, it remains true that the doctrine of exhaustion "is well established in the jurisprudence of administrative law." McKart v. United States, 395 U.S. 185, 193, 89 S.Ct. 1657, 1662, 23 L.Ed.2d 194 (1969). Of course, the doctrine has numerous exceptions. *Id.*

In a comprehensive and learned review of this area of the law, this court in United States v. Feaster, 410 F.2d 1354 (5th Cir. 1969), cert. den., 396 U. S. 962, 90 S.Ct. 427, 24 L.Ed.2d 426 (1969), described the relevant exceptions to the rule that administrative remedies must be exhausted prior to review by the courts. The first factor which would permit premature resort to judicial remedies is an international repercussion resulting from the administrative proceedings. McCulloch v. Sociedad Nacional de Marineros de Honduras, 372 U.S. 10, 83 S.Ct. 671, 9 L.Ed.2d 547 (1963). There is not even the merest allegation that this factor is present here.

This second exception was fashioned by the Second Circuit in Fay v. Douds, 172 F.2d 720 (2nd Cir. 1949). A litigant may rely on this exception only if

there is a substantial showing that his constitutional rights have been violated. 410 F.2d at 1366. The question in this case is purely one of statutory interpretation and application. No constitutional provision is at issue.

The final exception is based on Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958).

In that case the Supreme Court permitted review of the NLRB's certification of a bargaining unit which included both professional and nonprofessional employees even though the professional employees had not consented to inclusion in the otherwise nonprofessional unit. This action was a brazen defiance of the express provisions of 29 U.S.C.A. § 159(b)(1). [footnote omitted]. 410 F.2d at 1366.

In this case, appellants seek to bring themselves within the Leedom v. Kyne exception by emphasizing that their challenge to the Commission's action is jurisdictional. However, it has never been the law that any jurisdictional error, no matter how slight, throws open the gates to premature court action. The jurisdictional area must be gross or egregious to provide an exception to the rule of exhaustion.

The extraordinary remedy of judicial intervention in agency proceedings still in progress is unavailable unless necessary to vindicate an unambiguous statutory or constitutional right, and only when this condition is satisfied will a court look to the general body of equitable jurisprudence and other appropriate sources for the purpose of fashioning relief. Coca-Cola Company v. F. T. C., 475 F.2d 299, 304, (5th Cir. 1973).

It has also been stated that the Leedom v. Kyne exception is "narrow" and "rare-successfully invoked" and that the error must be "of a *summa* or *magna* quality as contraposed to decisions which are simply *cum* error." 410 F.2d at 1368. We are unwilling at this stage of the proceedings to make a determination of the merits of the jurisdictional question.

It is nevertheless obvious from the record in the district court and the briefs and arguments on appeal that the question is a close one. If the Commission is committing error by proceeding against the appellants, its error is not blatant or obvious. The McCarran-Ferguson Act is not without ambiguity, and we feel that the question of its applicability is better left to a review of any final order which may be entered in this case.

Many policy considerations support this holding. A crucial one is "the avoidance of premature interruption of the administrative process." McKart v. United States, *supra*, at 193. In addition, the efficiency of the agency is an important consideration, and courts ought not to encourage flouting of the administrative process. Considerations of judicial economy also enter into the equation, since, if no cease-and-desist order is ever entered, the courts need not deal with the jurisdictional question at all. Finally, there are systemic factors to be considered. Professor Jaffe has called the exhaustion doctrine "an expression of executive and administrative autonomy." L. Jaffe, Judicial Control of Administrative Action, 425 (1965).

It is true, as appellants argue, that the necessity for further fact-finding, which would be a strong argument for requiring exhaustion, does not play a crucial role in this case. However, it has never been the law that exhaustion is not required as to questions of law. In fact, an agency's interpretation of a statute is entitled to "great deference." Udall v. Tallman, 380 U.S. 1, 16, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965). It must be emphasized that

. . . Congress did not contemplate a grant of jurisdiction to the courts to prevent abuse or misuse of administrative power by prior restraint of the exercise of such powers. Lone Star Cement Corp. v. F. T. C., 339 F.2d 505, 510 (9th Cir. 1964).

In summary, we are not convinced that the extraordinary showing of necessity which is needed to justify prema-

ture judicial interference, is present in this case. We therefore uphold the district court's refusal to derail the pending Commission proceedings in this matter.

Affirmed.