**WORLD–WIDE VOLKSWAGEN CORP. et al., Plaintiffs,**

v.

**UNITED STATES INTERNATIONAL TRADE COMMISSION, Defendant.**

Civ. A. No. 76–148.

United States District Court, District of Columbia.

March 2, 1976.

Harvey Kaye, Norman N. Kunitz, Washington, D. C., for plaintiffs.

Michael H. Stein, Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM AND ORDER

GESELL, District Judge.

Certain American distributors of Volkswagen, Audi and Porsche 914 automobiles, invoking the Administrative Procedure Act (APA), 5 U.S.C. §§ 701–06, ask the Court to review an order of the United States International Trade Commission (ITC) discontinuing them as parties in the first phase of ITC Investigation No. 337–TA–18.

The Commission instituted the investigation as a result of a complaint filed by Engelhard Minerals & Chemical Corporation (Engelhard) to determine whether the importation into the United States of Volkswagen, Audi, and Porsche 914 automobiles with monolithic catalytic converters should be prohibited pursuant to 19 U.S.C. § 1337. The inquiry is in two stages. First, it will be determined whether there is a violation. This turns on whether there have occurred any "unfair methods of competition [or] unfair acts in the importation of articles into the United States, or in their sale by the owner, importer, consignee, or agent of either, the effect or tendency of which is to destroy or substantially injure an industry, efficiently and economically operated, in the United States, or to prevent the establishment of such an industry, or to restrain or monopolize trade and commerce in the United States . . .," 19 U.S.C. § 1337(a). More particularly, the threshold inquiry is whether the monolithic catalytic converters included in the imported cars infringe an American patent held

by Engelhard. By statute, this question of a violation *vel non* must be resolved within one year (or 18 months in more complicated cases) from the time the Commission formally initiates the investigation, 19 U.S.C. § 1337(b). If a violation is found, then the investigation will proceed to the so-called "public interest" phase in which the Commission must determine, in light of the various considerations of public interest specified in the statute, whether the article concerned should be excluded from entry into the United States on an interim or permanent basis, 19 U.S.C. § 1337(d, e).

■ Plaintiffs, together with the manufacturer and importer of the automobiles, were named in the Engelhard complaint and were initially included in the investigation ordered by the Commission. However, they were subsequently dropped from the first stage [1] of the proceeding, which occurred when the Commission learned that the plaintiffs were exclusively distributors and were not importers or manufacturers. Moreover, plaintiffs had no proprietary interest, as licensees or otherwise, in the patents at issue. For these and other reasons, presiding Commissioner Ablondi determined in a written opinion that plaintiffs could not contribute or assist the Commission to develop the requisite facts and that they would not be directly affected by Commission action pursuant to 19 U.S.C. § 1337(a), and therefore he discontinued them as parties in that aspect of the proceedings.[2] That action was affirmed by the full Commission upon plaintiffs' application for review.

Having lost before the agency, plaintiffs appealed the Commission's order to the United States Court of Customs and Patent Appeals. That court initially stayed further proceedings by the Commission pending appeal. However, after briefing and argument, the Court of Customs and Patent Appeals dismissed the appeal for want of jurisdiction and dissolved the stay on the ground that there had been neither an expressly final determination of the Commission under 19 U.S.C. § 1337(d, e) nor an action that had an effect upon plaintiffs equivalent to that of a final determination. Rather than seeking review of this decision in the Supreme Court, 28 U.S.C. § 1256, plaintiffs immediately filed the instant suit.

Presently before the Court are plaintiffs' motion for a preliminary injunction and defendant's motion to dismiss.[3] Plaintiffs argue that this Court has jurisdiction under the Administrative Procedure Act to review the Commission's decision and that the Commission should be enjoined from continuing any proceedings in connection with the investigation because it erred as a matter of law in excluding plaintiffs from the first phase of the inquiry. Defendant counters by contending that the plaintiffs are collaterally estopped from bringing this lawsuit by reason of the decision of the Court of Customs and Patent Appeals, that this Court does not have jurisdiction of the matter under the APA because the statutory procedure of review to the Court of Customs and Patent Appeals is adequate and exclusive, and that on the merits the Commission was correct and did not act arbitrarily or in abuse of its discretion by excluding plaintiffs because their interests were adequately represented by the manufacturer and importer of the cars who were already parties in the initial phase of the investigation. The parties have fully briefed these issues, and oral argument was held.

---

1. Counsel for the Commission has represented to this Court, as it has previously in other forums, that plaintiffs will be allowed to intervene and participate fully in the "public interest" phase.

2. Unfortunately, the Commission has no rules of practice and procedure to govern this or other situations. Proposed rules were published in September, 1975, but no further action has yet been taken. Although not urged by plaintiffs as an issue in this litigation, the Commission would be well advised formally to promulgate final rules.

3. Also before the Court is Engelhard's motion to intervene as a defendant pursuant to Fed.R. Civ.P. 24(b)(2), which was filed shortly before the case was set to be heard. Counsel for Engelhard was allowed to make a presentation at oral argument.

■ The first question presented for decision concerns the jurisdiction of this Court pursuant to the Administrative Procedure Act. As the Court of Appeals for this Circuit has recently observed:

> This court and others have held that Section 10 [of the APA] is an independent source of District Court jurisdiction to review the action, or inaction, of administrative agencies. [citations omitted]
>
> . . .
>
> As a jurisdictional source, however, the APA is of the "gap-filling" variety. It does not give a blanket grant of jurisdiction, but merely provides it where necessary.

> Oljato Chapter of Navajo Tribe v. Train, 169 U.S.App.D.C. 195, 515 F.2d 654, 663 (1975).

In this case, it clearly cannot be said that there are any gaps that need to be filled. Congress has provided by statute that "any person adversely affected by a final determination of the Commission under [19 U.S.C. § 1337(d, e)[4]] may appeal such determination to the United States Court of Customs and Patent Appeals," 19 U.S.C. § 1337(c). Thus, Congress has expressly designated a specialized tribunal experienced in these matters for review of Commission decisions. Moreover, the Court of Customs and Patent Appeals is an Article III constitutional court, Glidden Co. v. Zdanok, 370 U.S. 530, 82 S.Ct. 1459, 8 L.Ed.2d 671 (1962), with review in the Supreme Court by writ of certiorari, 28 U.S.C. § 1256. Since the Court of Customs and Patent Appeals upon review of the final Commission determination will be able to address the contentions presently raised by plaintiffs, there exists an adequate judicial remedy for them. This remedy is not ren-

dered inadequate because the Court of Customs and Patent Appeals has held that it does not now have jurisdiction of plaintiffs' appeal from the Commission's interlocutory order. The simple fact that final court review is deferred does not create the sort of lack of review that the APA was designed to remedy. Plaintiffs have not persuasively demonstrated that any such delay will cause them significant harm,[5] and indeed the present record indicates that any potential harm may be avoided by applying to the Court of Customs and Patent Appeals for temporary or interim relief if exigent situations arise.[6] The APA was not intended to involve the federal district courts in this sort of day-to-day supervision of administrative agencies, especially where to do so might bring this Court into conflict with the specialized Article III tribunal explicitly assigned by Congress with the responsibility to review the Commission's decisions.

In their effort to support jurisdiction in this Court, plaintiffs rely primarily on Coca-Cola Co. v. FTC, 475 F.2d 299 (5th Cir. 1973), cert. denied, 414 U.S. 877, 94 S.Ct. 121, 38 L.Ed.2d 122 (1973); Pepsico, Inc. v. FTC, 472 F.2d 179 (2d Cir. 1972), cert. denied, 414 U.S. 876, 94 S.Ct. 44, 38 L.Ed.2d 122 (1973); and Amos Treat & Co. v. SEC, 113 U.S.App.D.C. 100, 306 F.2d 260 (1962). In each of these cases, the Circuit Court of Appeals held that there was jurisdiction in the district court to consider a particular interlocutory aspect of an agency decision even though review of the entire final agency action was vested by statute in the Court of Appeals. These cases all arose in different factual and legal contexts than is presented in this litigation. Assuming them to be applicable here, however, the Court concludes that they do not support

---

**4.** The Court of Customs and Patent Appeals has, in this very case, held that final Commission determinations under 19 U.S.C. § 1337(f) are also within its appellate jurisdiction, *Import Motor Limited, Inc. et al. v. United States International Trade Commission et al.*, 530 F.2d 940 (Cust.Pat.App.1976).

**5.** In its opinion in this case, the Court of Customs and Patent Appeals expressly rejected plaintiffs' argument that they would suffer suf-

ficient adverse effects from the Commission's Order to warrant treating it as a final determination.

**6.** Plaintiff is particularly concerned about the 60-day period under 19 U.S.C. § 1337(g), during which the Commission's determination would be effective but no appeal could yet be taken to the Court of Customs and Patent Appeals.

 

plaintiff's position. The effect of these decisions was to allow the district court to act in the first instance, subject, of course, to review by the court of appeals. Thus, the appellate court charged by statute to review the agency's actions would eventually do just that on appeal from the trial court, and there was no circumvention of the specialized forum selected by Congress to perform the task of overseeing the agency. Here, to the contrary, plaintiffs essentially urge this Court and thereafter the Court of Appeals to intervene in matters that would otherwise not be before it, with the concomitant effect of avoiding the Court of Customs and Patent Appeals and subverting its statutory jurisdiction. Such a situation should not be countenanced.

■ Beyond that, the cases cited by plaintiffs create a very narrow jurisdictional basis. Here, the Commission has not exercised its authority "in excess of its jurisdiction or otherwise acted in a manner that is clearly at odds with the specific language of a statute," *Coca-Cola Co. v. FTC, supra*, 475 F.2d at 303. Nor has it in progress a proceeding "that is plainly beyond its jurisdiction as a matter of law or is being conducted in a manner that cannot result in a valid order," *Pepsico, Inc. v. FTC, supra*, 472 F.2d at 187. The Court finds "judicial vindication of the alleged rights" to be inappropriate in these circumstances, *Coca-Cola Co. v. FTC, supra*, 475 F.2d at 303. Nothing presented by plaintiffs is sufficient to sustain the jurisdiction of this Court.[7]

For the foregoing reasons, defendant's motion to dismiss the complaint is hereby granted and plaintiffs' motion for a prelimi-

nary injunction is denied. Engelhard's motion to intervene is accordingly moot.

SO ORDERED.

---

7. Since the Court concludes that it does not have jurisdiction of this suit, it is unnecessary to consider the matter on the merits. However, it should be noted that plaintiffs have not made a very strong showing on the substantive issue. Of necessity, a certain amount of discretion must be granted to the Commission for such rulings, and courts must defer to a reasonable exercise of that discretion. This is particularly true here, as recognized by the Court of Customs and Patent Appeals in its opinion in this case, in light of the strict time limits imposed by statute upon the Commission's investigation. Plaintiffs have largely failed to dem-

onstrate that the Commission was mistaken, much less in abuse of its discretion, in concluding that their interests in the first phase of the proceeding were already adequately represented. While the Court of Customs and Patent Appeals may have been too grudging in this case in construing its jurisdiction and interpreting the statutory phrase "final determination of the Commission," *see, e. g., Thermal Ecology Must Be Preserved v. AEC*, 139 U.S.App.D.C. 366, 433 F.2d 524, 526 (1970), that is a matter of no concern to this Court. The appropriate means to review that decision is by writ of certiorari to the Supreme Court.