**B. B. McCLENDON, Jr.,**
**Plaintiff-Appellant,**

v.

**JACKSON TELEVISION, INC., and Federal Communications Commission,**
**Defendants-Appellees.**

**No. 79–1141**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Oct. 4, 1979.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5th Cir., 1970, 431 F.2d 409, Part I.

Pat H. Scanlon, Jackson, Miss., for plaintiff-appellant.

Wise, Carter, Child, Steen & Caraway, J. Leray McNamara, W. McDonald Nichols, Jackson, Miss., for Jackson Television, Inc.

Joseph E. Brown, Jr., Asst. U. S. Atty., Robert E. Hauberg, U. S. Atty., Jackson, Miss., John P. Greenspan, Washington, D. C., for FCC.

Before BROWN, Chief Judge, KRAVITCH and JOHNSON, Circuit Judges.

FRANK M. JOHNSON, Jr., Circuit Judge:

This appeal concerns a failure to exhaust administrative remedies. Jackson Television, Inc., is one of several applicants for a new television station in Jackson, Mississippi. Until February 1, 1978, plaintiff B. B. McClendon was a shareholder, director, and officer of Jackson Television. On that date, he resigned his positions and transferred his stock to another owner. Jackson Television then petitioned the Federal Communications Commission for leave to amend its application to show McClendon's withdrawal from the corporation. Because the Administrative Law Judge assigned to the case had earlier designated as an issue McClendon's past business practices as they might color Jackson Television's character qualifications, he denied the petition. McClendon's past business practices involved alleged violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. In June, 1978, therefore, Jackson Television through the Administrative Law Judge caused two subpoenas to be issued requiring McClendon to appear, bring certain designated records, and testify at scheduled hearings before the Commission.

On June 29, 1978, McClendon filed with the Commission a motion to quash subpoenas. Contemporaneously, he filed suit in the district court of the Southern District of Mississippi seeking a declaratory judgment that the subpoenas were void. On August 3, 1978, the Administrative Law Judge denied the motion to quash. McClendon did not appeal to the Commission, nor did he appear and testify. On December 11, 1978, the district court dismissed the complaint for failure to exhaust administrative remedies. We affirm.

■ We decline the invitation of the Commission to decide whether the subpoenas were lawfully issued and procedurally valid. We need not reach that issue because McClendon did not exhaust his administrative remedies before bringing suit in the district court. "[N]o one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50–51, 58 S.Ct. 459, 463, 82 L.Ed. 638 (1938); *McKart v. United States*, 395 U.S. 185, 193, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969); *Hedley v. United States*, 594 F.2d 1043 (5th Cir. 1979). The doctrine applies even in the absence of an express statutory command of exclusiveness. The Supreme Court has held that where Congress "has enacted a specific statutory scheme for obtaining review, . . . the doctrine of exhaustion of administrative remedies . . . requires that the statutory mode of review be adhered to." *Whitney National Bank v. Bank of New Orleans*, 379 U.S. 411, 422, 85 S.Ct. 551, 558, 13 L.Ed.2d 386 (1965); *Coca-Cola Co. v. F. T. C.*, 475 F.2d 299 (5th Cir. 1973). Here both Congress, by statute, and the Commission, by rule, have set out a scheme for review, which McClendon failed to follow.

■ Paragraph 155(d)(1) of Title 47 provides that the Commission may delegate any of its functions to an individual employee. Paragraph (d)(4) provides that any person aggrieved by an order issued under such delegated authority may file an application for review by the Commission. Clearly mandating exhaustion, paragraph (d)(7) then provides that "[t]he filing of an application for review under this subsection shall be a condition precedent to judicial review of any order . . . taken pursuant to any delegation under paragraph (1) of this subsection." Likewise, the rules promulgated by the Commission require exhaustion. McClendon cites *New England Coalition v. U. S. Nuclear Regulatory Comm'n*,

582 F.2d 87, 99 (1st Cir. 1978), for the proposition that "[a]n appeal to superior agency authority is not a prerequisite to reviewability absent an agency rule requiring an appeal before the agency action becomes final." That decision, however, concerned the reviewability of findings and conclusions on the merits. The denial of McClendon's motion to quash, on the other hand, was an interlocutory ruling, concededly governed by 47 C.F.R. § 1.301. An interlocutory ruling, by definition, is not final. Moreover, § 1.301(b)(2) provides that only "[i]f an appeal is allowed and is considered on its merits, the disposition on appeal is final." Therefore, McClendon's failure to appeal the denial of his motion to the Commission precludes judicial review unless one of the exceptions to exhaustion of remedies doctrine applies to his allegations.

■ McClendon argues that his case falls within the exception where an agency has exercised authority "clearly at odds with the specific language of the statute." *Coca-Cola Co. v. F. T. C.*, 475 F.2d 299, 303 (5th Cir. 1973); *see Leedom v. Kyne*, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958). This Court has noted on more than one occasion that the *Leedom v. Kyne* exception is "narrow" and "rarely successfully invoked" and that the error must be "of a *summa* or *magna* quality as contraposed to decisions which are simply *cum* error." *American General Insurance Co. v. F. T. C.*, 496 F.2d 197, 200 (5th Cir. 1974), *quoting, United States v. Feaster*, 410 F.2d 1354 (5th Cir.), *cert. den.*, 396 U.S. 962, 90 S.Ct. 427, 24 L.Ed.2d 426 (1969). McClendon has alleged no such egregious error. As the district court correctly found, McClendon's argument that the subpoenas are void fails to take account of 47 U.S.C. § 155 as amended in 1961 to permit the delegation by the Commission of any of its functions. Pursuant to that authority, the Commission has delegated its power to issue subpoenas in hearings before an administrative law judge to the administrative law judge. 47 C.F.R. § 1.331(b).

■ Similarly, McClendon's allegations are insufficient to come within the exception for persons asserting a violation of constitutional rights. That exception has "only limited application in the Fifth Circuit," *Coca-Cola Co. v. F. T. C.*, 475 F.2d 299 (5th Cir. 1973), and may be invoked "only if there is a substantial showing that [the litigant's] constitutional rights have been violated." *American General Insurance Co. v. F. T. C.*, 496 F.2d 197, 199–200 (5th Cir. 1974). McClendon has made only conclusory allegations that the subpoenas violate his right to be free of unreasonable searches and seizures. All that the fourth amendment requires is that the administrative subpoena be relevant, definite, and within the bounds of statutory authority. *United States v. Morton Salt Co.*, 338 U.S. 632, 70 S.Ct. 357, 94 L.Ed. 401 (1950); *Genuine Parts Co. v. F. T. C.*, 445 F.2d 1382, 1391 (5th Cir. 1971). Conclusory allegations do not provide sufficient cause to excuse a failure to exhaust administrative remedies where the power of the Commission to compel the attendance and testimony of witnesses and the production of records is clearly set forth by statute, 47 U.S.C. § 409(e)–(f), and the relevance of a former officer's alleged misconduct to the applicant's character qualifications is plainly established by precedent. *TV9, Inc. v. F. C. C.*, 161 U.S.App.D.C. 349, 359–360, 495 F.2d 929, 939–940 (D.C.Cir. 1973).

Finally, there is no reason to believe that appeal to the Commission would have been futile. *See Rhodes v. United States*, 574 F.2d 1179 (5th Cir. 1978). On the contrary, appeal to the Commission would have avoided premature interruption of the administrative process, upheld administrative autonomy, enhanced judicial efficiency, and permitted the Commission to correct its own error, if any.

■ McClendon will not be heard to complain that he no longer has a viable administrative remedy. His decision to let the appeal deadline pass was a deliberate tactical choice. *Olinger v. Partridge*, 196 F.2d 986 (9th Cir. 1952). The district court therefore properly dismissed the complaint. *Hodges v. Callaway*, 499 F.2d 417 (5th Cir. 1974).

AFFIRMED.