John Fred CASTELLA, Plaintiff,

v.

**ARMY AND AIR FORCE EXCHANGE SERVICE and the United States of America, Defendants.**

Civ. A. No. 3–86–0927–H.

United States District Court, N.D. Texas, Dallas Division.

Oct. 9, 1986.

---

**26**

Joshua Turin, Dallas, Tex., for plaintiff.

Marvin Collins, U.S. Atty., Stafford Hutchinson, Asst. U.S. Atty., Dallas, Tex., for defendants.

## ORDER

SANDERS, District Judge.

Before the Court are Defendants' Motion to Dismiss Without Prejudice, filed April 9, 1986; Defendants' Supplemental Authorities in Opposition to Injunctive Relief and in Further Support of Defendants' Motion to Dismiss, filed May 20, 1986; and Plaintiff's Response, filed May 29, 1986.

Plaintiff brings this suit for money damages against his former employer, Defendant Army and Air Force Exchange Service ("AAFES"). Plaintiff was terminated by AAFES on charges of financial irregularity following dissolution by this Court of its injunction which had prevented such termination. See Order of June 2, 1986. AAFES administrative proceedings have been completed, although a decision has not been entered.

■ Until an administrative decision has been entered and administrative remedies exhausted, a District Court has no power to hear claims based upon administrative actions, without specific statutory grants of subject matter jurisdiction. *Coca-Cola Company v. Federal Trade Commission,* 475 F.2d 299 (5th Cir.1973); *Hudson v. Farmers Home Administration,* 654 F.2d 334 (5th Cir.1981). Absent such grants, Plaintiff's only recourse to this Court is judicial review of agency action under Section 706 of the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*

Plaintiff claims that under the Tucker Act, 28 U.S.C. § 1346(a)(2), or, alternatively, under APA Section 702, such a grant exists due to an implied-in-fact contract between AAFES and himself.

■ The Tucker Act confers District Courts with subject matter jurisdiction over contract claims only if (1) the amount in controversy does not exceed $10,000 and (2) the claim is not subject to Sections 8(g)(1) and 10(a)(1) of the Contract Disputes Act, 28 U.S.C. § 1346(a)(2).

This claim is subject to both sections 8(g)(1) and 10(a)(1) of the Contract Disputes Act, 41 U.S.C. § 601 *et seq.* Section 8(g)(1) provides that "a party to a Government contract other than the Government," 41 U.S.C. § 601(4), may appeal the decision of an agency board of contract appeals—but only to the United States Court of Appeals for the Federal Circuit. 41 U.S.C. § 607(g)(1).

Section 10(a)(1) provides that a "party to a Government contract other than the Government," 41 U.S.C. § 601(4), may bypass an agency board of contract appeals and bring a case directly to the Claims Court. 41 U.S.C. § 609(a)(1).

The Tucker Act makes clear, as the legislative history explains, that "U.S. district court jurisdiction is eliminated from Government contract claims." S.Rep. No.

95–1118, August 15, 1978, *reprinted in* 1978 U.S.Code Cong. & Ad.News 5235, 5244. The Tucker Act confers no jurisdiction on this Court.

In the alternative, Plaintiff claims that jurisdiction exists under the APA. However, APA confers jurisdiction on a District Court only with respect to non-monetary claims. 5 U.S.C. § 702. APA is not applicable to monetary claims against AAFES. *Sheehan v. Army and Air Force Exchange Service*, 619 F.2d 1132, 1139–41 (5th Cir.1980), *rev'd in part, Army and Air Force Exchange Service v. Sheehan*, 456 U.S. 728, 102 S.Ct. 2118, 72 L.Ed.2d 520 (1982).

In sum, Plaintiff must exhaust his administrative remedies before this Court will enjoy jurisdiction. Accordingly, Defendants' Motion is hereby GRANTED and this case is DISMISSED, without prejudice.

SO ORDERED.