**OAK GROVE SMOKEHOUSE, INC.**

v.

**UNITED STATES DEPARTMENT OF AGRICULTURE.**

Civ. A. No. 88–221–B.

United States District Court, M.D. Louisiana.

Dec. 22, 1988.

Randall A. Shipp, Trial Atty., Baton Rouge, La., for plaintiff.

Tara Avery Hingle, Asst. U.S. Atty., Baton Rouge, La., for defendant.

RULING ON THE MOTION OF THE UNITED STATES TO DISMISS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES, OR ALTERNATIVELY, MOTION FOR MORE DEFINITE STATEMENT

POLOZOLA, District Judge.

Oak Grove Smokehouse, Inc. was sent a "Notice of Warning" letter dated May 9, 1986, by the Director of the Evaluation and Enforcement Division for the Compliance Program of the United States Department of Agriculture. The letter warned plaintiff that there was reason to believe that it had violated the Federal Meat Inspection Act, 21 U.S.C. § 601 et seq. ("FMIA") and informed plaintiff that criminal sanctions exist for violations of the Act. Plaintiff then filed this suit apparently seeking a declaratory judgment that it is exempt from the

provisions of the FMIA.[1] The United States Department of Agriculture has now filed a motion to dismiss plaintiff's action for failure to exhaust administrative remedies, or alternatively, a motion for a more definite statement.

The requirement that administrative remedies be exhausted "applies even in the absence of an express statutory command of elusiveness." *McClendon v. Jackson Television, Inc.*, 603 F.2d 1174, 1176 (5th Cir.1979). This "long settled-rule of judicial administration [requires] that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50, 58 S.Ct. 459, 463, 82 L.Ed. 638 (1938). In *Central States Southeast and Southwest Areas Pension Fund v. T.I.M.E.–DC, Inc.*, 826 F.2d 320, 328 (5th Cir.1987), the court held that the exhaustion requirement promotes many important policies such as:

(1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise its discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources, since the complaining party may be successful in vindicating rights in the administrative process and the courts may never have to intervene; (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that "frequent and deliberate flouting of administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures."

It is clear that the plaintiff has not exhausted the administrative remedies which are available to challenge agency action under the FMIA. Under 9 C.F.R. § 306.5 (1983), plaintiff has the right to appeal any decision of a USDA employee to that employee's immediate supervisor. 9 C.F.R. § 306.5 states, in pertinent part, "[a]ny appeal from a decision of any Program employee shall be made to his/her immediate supervisor having jurisdiction over the subject matter of the appeal ..." The purpose of the provision is discussed at 48 Fed.Reg. 11415 (1983), Comment 3, which states:

"appeals of informal decisionmaking within the Department [of Agriculture] are presently controlled by § 306.5 of the meat inspection regulations.... The provision ... is general in scope and establishes a chain-of-command procedure for appealing decisions of any Department employee. This regulation states that any appeal from a decision of any program employee shall be made to the immediate supervisor having jurisdiction over the subject matter of the appeal...." This section is intended to apply to most decisions made within the Department.

In *Stauffer Chemical Co. v. Food & Drug Administration*, 670 F.2d 106 (9th Cir.1982), the Court addressed a similar provision 21 C.F.R. § 10.75(a)(3) (1981). This regulation states that "[a] decision of an FDA employee ... is subject to review by the employee's supervisor ... [a]t the request of an interested person outside the agency." The Court held that the district court was correct in requiring an exhaustion of administrative remedies stating: "[t]he relevant factors favor exhaustion. [Plaintiff] would not be harmed significantly by having to seek internal review. The agency has a substantial interest in retaining the ability to review decisions by subordinate officials." *Id.* at 108.

Also applicable in this case is 9 C.F.R. § 335.40 (1987) which states that:

before any violation of the Federal Meat Inspection Act is reported to the Department of Justice by the Secretary for

---

**1.** It is unclear whether plaintiff is seeking review under the provisions of the Administrative Procedure Act, 5 U.S.C. § 701 et seq. or whether plaintiff is seeking relief under the provisions of the Declaratory Judgment Act, 28 U.S.C. § 2201–2202. To the extent plaintiff relies on the Declaratory Judgment Act, its action is barred by sovereign immunity. 14 Wright & Miller, Federal Practice and Procedure § 3655 (1985).

criminal prosecution the Secretary must give reasonable notice to the suspected violator that the Secretary intends to report the violation for prosecution and give the suspected violator an opportunity to present the violator's views to the Secretary with respect to such proceeding.

To permit the plaintiff to invoke judicial process each time the Department of Agriculture makes a decision, without requiring the plaintiff to pursue the prescribed administrative remedies, would be judicially inefficient and would permit an evasion of the statutory scheme. Congress has set forth the procedure to be followed in this case. It is for Congress and not this Court to change these procedures. Unless and until Congress changes the procedures this Court shall follow the existing procedures. In addition, the issue of whether plaintiff is exempt from the requirements of the FMIA requires resolution of several factual questions which are best handled by the agency. Requiring the plaintiff to pursue administrative remedies would also facilitate the development of a record for this Court to consider if judicial review becomes necessary. For these reasons, dismissal of plaintiff's action for failure to exhaust administrative remedies is warranted. The plaintiff has provided no evidence that pursuing administrative remedies would be futile or that the remedies provided are inadequate.

Therefore:

The motion of the United States to dismiss for failure to exhaust administrative remedies is GRANTED.

Judgment shall be entered dismissing this suit without prejudice, reserving to the plaintiff any rights it may have to seek administrative review.