755 F.2d 368
 37 Fair Empl.Prac.Cas. 74, 36 Empl. Prac.
Dec. P 35,025,
1 A.D. Cases 694
 PHILIP MORRIS, INCORPORATED, Appellant,
v.
John R. BLOCK, Secretary of Agriculture, Raymond J. Donovan,
Secretary of Labor, Willie Thomas, Office of
Federal Contract Compliance Programs, Appellees.
 No. 84-1420.
 United States Court of Appeals,
Fourth Circuit.
 Argued Dec. 6, 1984.
Decided Feb. 13, 1985.
 
 1
 Lewis T. Booker, Richmond, Va. (Hunton & Williams, Richmond, Va., Eric A. Taussig, New York City, on brief), for appellant.
 
 
 2
 A. Penny Dash, U.S. Dept. of Labor, Washington, D.C. (Elsie L. Munsell, U.S. Atty., Debra J. Prillaman, Asst. U.S. Atty., Richmond, Va., Francis X. Lilly, Sol. of Labor, James D. Henry, Associate Sol., Washington, D.C., on brief), for appellees.
 
 
 3
 Before SPROUSE and CHAPMAN, Circuit Judges, and DUPREE, Senior District Judge of the Eastern District of North Carolina, sitting by designation.
 
 
 4
 DUPREE, Senior District Judge.
 
 
 5
 Philip Morris appeals the district court's dismissal of this declaratory judgment action challenging the validity of certain regulations issued by the Secretary of Labor pursuant to the Rehabilitation Act of 1973, 29 U.S.C. Sec. 793, and a finding by the Office of Federal Contract Compliance Programs (the OFCCP) that good cause existed for extending the time for filing handicap discrimination claims by two employees of Philip Morris. Notwithstanding the magnitude of the moral merit in plaintiff's position, application of governing legal principles mandates affirmance of the judgment below.
 
 
 6
 Because Philip Morris holds government contracts in excess of $2,500, it is subject to the jurisdiction of the OFCCP. See 29 U.S.C. Sec. 793(a); 41 C.F.R. Sec. 60-741.3. One responsibility of the OFCCP is to investigate claims of handicap discrimination. 29 U.S.C. Sec. 793(b). On October 2, 1980, the OFCCP informed Philip Morris that two of its former employees had filed claims of handicap discrimination under Section 503 of the Rehabilitation Act of 1973, 29 U.S.C. Sec. 793. Claims under the Rehabilitation Act must generally be filed with the OFCCP within 180 days from the date of the alleged violation. 41 C.F.R. Sec. 60-741.26(a). There is an exception to this regulation, however, which allows an extension of the filing time if good cause is demonstrated. Id. The OFCCP found that the claimants had shown good cause for an extension of the filing time, and allowed the actions to proceed even though the claims were filed approximately six months after the deadline. The basis of the finding of good cause was never disclosed to Philip Morris, despite its request for the information, but the OFCCP eventually notified Philip Morris that it intended to conduct an investigation into the charges of handicap discrimination. This action ensued.[1] The OFCCP answered and moved to dismiss the complaint alleging that Philip Morris was required to first exhaust administrative remedies before challenging the regulation in court.
 
 
 7
 Following a somewhat colorful hearing, the district court granted the OFCCP's motion to dismiss. Philip Morris appeals the district court's finding that it was required to exhaust its administrative remedies before challenging the OFCCP's finding that good cause existed for an extension of the filing period, but does not challenge the validity of the "good cause" exception in the regulation. Philip Morris has also abandoned its argument that the OFCCP violated its due process rights under the Fifth Amendment by refusing to disclose its reasons for granting exceptions to the 180-day filing requirement.
 
 
 8
 The nub of Philip Morris' argument on appeal is that cumbersome, bureaucratic administrative procedures have already delayed resolution of the handicap discrimination charges more than five years and the refusal of the OFCCP to disclose its reasons for granting exceptions to the 180-day filing requirement will require Philip Morris to continue to expend excessive amounts of money during the course of an interminable investigation into these charges. Philip Morris contends that this process is inherently unfair and inefficient and requests the court to allow it to challenge the OFCCP's finding of good cause without having to wander through the prescribed administrative remedies. Although the court is sympathetic to Philip Morris' plight, we cannot relieve it of this burden.
 
 
 9
 It is a "long settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." Myers v. Bethlehem Shipbuilding Corporation, 303 U.S. 41, 50-51, 58 S.Ct. 459, 463-464, 82 L.Ed.2d 638 (1938); see McKart v. United States, 395 U.S. 185, 193, 89 S.Ct. 1657, 1662, 23 L.Ed.2d 194 (1969); Eastern Band of Cherokee Indians v. Donovan, 739 F.2d 153, 156 (4th Cir.1984); American Federation of Government Employees, AFL-CIO v. Nimmo, 711 F.2d 28, 31 (4th Cir.1983). This court has noted, however, that judicial intervention is authorized when an agency acts in "brazen defiance" of its statutory authorization. Mayor and City Council of Baltimore v. Mathews, 562 F.2d 914, 920 (4th Cir.1977), vacated on other grounds, 571 F.2d 1273 (4th Cir.), cert. denied, 439 U.S. 862, 99 S.Ct. 184, 58 L.Ed.2d 171 (1978); see Leedom v. Kyne, 358 U.S. 184, 188, 79 S.Ct. 180, 183, 3 L.Ed.2d 210 (1958). Thus, Philip Morris can escape the requirement of exhaustion of administrative remedies only if it is able to show that the OFCCP's actions clearly "exceeded its statutory authority." Mathews, 562 F.2d at 921.
 
 
 10
 The President through Executive Order 11758, 3 C.F.R. 841 (1974), delegated the broad rulemaking authority granted to him under Section 503(a) of the Rehabilitation Act of 1973, 29 U.S.C. Sec. 793(a), to the Secretary of Labor. Pursuant to this delegation, the Secretary adopted regulations to further define the affirmative action obligations of government contractors and subcontractors under the Act and to establish a complaint procedure for persons claiming to be victims of handicap discrimination. See 41 C.F.R. Sec. 60-741, et seq. The regulations also specify administrative procedures to be followed in attempting to resolve claims of handicap discrimination.
 
 
 11
 Subsection (b) of Section 503 of the Rehabilitation Act states only that a handicapped individual who believes he or she has been discriminated against "may file a complaint with the Department of Labor." 29 U.S.C. Sec. 793(b). Although the broad language of the subsection fails to provide either a deadline or waiver provision, such provisions were provided for in 41 C.F.R. Sec. 60-741.26(a). This regulation requires an "applicant for employment with a contractor or ... employee of a contractor ... [to] file a written complaint with the Director [of the OFCCP] ... within 180 days from the date of the alleged violation, unless the time for filing is extended by the Director for good cause shown."
 
 
 12
 Since the validity of the regulations under which the OFCCP granted the good cause exception to the two handicap discrimination claimants is not challenged on appeal, Philip Morris is left with the argument that the OFCCP's actions in these cases were in "brazen defiance" of its statutory authorization. Philip Morris fails, however, to point to any facts which would support such a conclusion. The OFCCP did precisely what it was authorized to do under the statute and regulations: it granted an exception to the 180-day filing requirement for complaints based upon good cause shown. Absent a stronger showing by Philip Morris, we cannot conclude that the OFCCP acted in "brazen defiance" of the authority granted it by Congress and the President. See Wolf Corporation v. Securities and Exchange Commission, 317 F.2d 139, 143 (D.C.Cir.1963).
 
 
 13
 Similarly, because there is no statute or regulation which requires the OFCCP to disclose the basis for its finding of good cause and since Philip Morris will be able to challenge this finding at a later stage in the administrative process, we are unable to permit judicial review of the finding at this time. See Coca-Cola Company v. Federal Trade Commission, 475 F.2d 299, 303-04 (5th Cir.), cert. denied, 414 U.S. 877, 94 S.Ct. 121, 38 L.Ed.2d 122 (1973). We note that the OFCCP has persisted in refusing to disclose its reasons for granting the exceptions in the face of an informal request by Philip Morris during the initial stages of proceedings, a subsequent full-scale Freedom of Information Act request by Philip Morris, and questioning during oral arguments before this court and the district court. The OFCCP's only justifications for refusing disclosure is that it is not required to do so and that some of the information sought is privileged as a part of the deliberative process. While this appears to be a classic case of bureaucratic obstinacy, we cannot tamper with the administrative process simply because we do not like what is being done.[2]
 
 
 14
 We have considered whether this case fits within any of the exceptions to the general rule requiring exhaustion of administrative remedies. For instance, exhaustion is not required where administrative proceedings involve questions of significant national interest because of their international complexion, McCulloch v. Sociedad Nacional de Marineros de Honduras, 372 U.S. 10, 16-17, 83 S.Ct. 671, 674-675, 9 L.Ed.2d 547 (1963), or the administrative agency has clearly violated the constitutional rights of the party seeking waiver of the exhaustion requirement, Seven-Up Company v. Federal Trade Commission, 478 F.2d 755, 757 (8th Cir.), cert. denied, 414 U.S. 1013, 94 S.Ct. 379, 38 L.Ed.2d 251 (1973); see Eastern Band of Cherokee Indians, 739 F.2d at 159. Such exceptions are not applicable here. Obviously there are no questions of international complexion and as previously noted Philip Morris decided not to pursue its due process claim before this court. Nor has Philip Morris attempted to argue that it will suffer irreparable harm if it is required to exhaust its administrative remedies. See Firestone Tire and Rubber Company v. Risjord, 449 U.S. 368, 376, 101 S.Ct. 669, 674, 66 L.Ed.2d 571 (1981); Mathews v. Eldridge, 424 U.S. 319, 330 & 331 n. 11, 96 S.Ct. 893, 900 & 901 n. 11, 47 L.Ed.2d 18 (1976).
 
 
 15
 Innocent pawns in all of this are the two handicapped discrimination claimants. They have been sitting on the sidelines for more than five years now and in all likelihood the end is not yet. Their probable frustration coincides with our own at being unable to expedite the process. The judgment of the district court is
 
 
 16
 AFFIRMED.
 
 
 
 [1]
 The Secretary of Labor and the Area Director, Employment Standards Administration, Office of Federal Contract Compliance Programs, United States Department of Labor, were named as defendants in the case but for purposes of clarity the court will refer to these defendants collectively as the OFCCP since it is this office which committed the alleged wrongdoing. John R. Block, Secretary of Agriculture, was also named as a defendant but has been dismissed from the case by agreement of the parties
 
 
 [2]
 A question not raised by the appeal is whether the OFCCP has acted in excess of its statutory authority in its prosecution of the handicap discrimination charges. The office is required to "promptly investigate [complaints] ... and ... take such action ... as the facts and circumstances warrant...." 29 U.S.C. Sec. 793(b). The charges of handicap discrimination were made in 1979 but Philip Morris was not notified of them until October of 1980. Some three years later, on August 16, 1983, Philip Morris was notified that the OFCCP would begin its investigation into the charges. Thus, at least four years elapsed between the filing of the charges and the actual initiation of the investigation. This is hardly a prompt investigation. True, Philip Morris did further delay resolution of the charges by filing the present action, but such recourse is understandable in light of the frustration Philip Morris must have been experiencing in attempting to resolve the claims of discrimination