**TRINITY INDUSTRIES, INC.,**
a Delaware Corporation,
Plaintiff,

v.

Robert REICH, Secretary, United States Labor Department; and Joel Maltbia, in his official capacity as District Director, Arkansas District, Office of Federal Contract Compliance Programs, United States Department of Labor, Defendants.

No. LR–C–93–197.

United States District Court,
E.D. Arkansas,
Western Division.

July 20, 1993.

David Michael Curtis, Gardere & Wynne, Dallas, TX, for Trinity Industries, Inc.

Richard M. Pence, Jr., Assistant U.S. Attorney, Little Rock, AK, Beverly Dankowitz, U.S. Department of Labor, Office of the Solicitor, Washington, DC, for Secretary, Department of Labor; and Joel Maltbia, District Director, Arkansas District.

### MEMORANDUM AND ORDER

FORSTER, United States Magistrate Judge.

The plaintiff, Trinity Industries (Trinity), which fabricates various steel products, has an operational facility in West Memphis, Arkansas, which fabricates steel fittings, and is part of Trinity's Fittings Division. On September 23, 1992, Perry Palmer, the District Director of the Office of Federal Contract Compliance Programs (OFCCP) in Little Rock, Arkansas, informed Bob Heath, the plant manager of the West Memphis facility, that it had been selected for compliance review pursuant to Executive Order 11246, § 503 of the Rehabilitation Act of 1973 (29 U.S.C. § 793), the affirmative action provisions of the Vietnam Era Veterans' Readjustment Act (38 U.S.C. § 4212) (VEVRA), and the implementing regulations at 41 C.F.R. Chapter 60. OFCCP requested that the West Memphis facility submit its affirmative action plans (AAPs) under Executive Order 11246, § 503, and VEVRA within thirty days of receipt of OFCCP's request. The West Memphis facility did not submit the AAPs within the thirty-day period.

By letter dated October 9, 1992, the OFCCP District Director, Joel Maltbia, advised Trinity that OFCCP considered Trinity to be covered by Executive Order 11246, § 503, VEVRA, and the implementing regulations. He requested that Trinity provide the required AAPs by October 28, 1992. Trinity did not do so. On October 20, 1992, counsel for Trinity wrote to then OFCCP Director, Jaime Ramon, advising him of the pending OFCCP view and asserting Trinity's position that the West Memphis facility was not covered because it performed no work on

Trinity's federal contracts. On November 2, 1992, Maltbia issued Trinity a notice to show cause why administrative enforcement proceedings should not be initiated against the West Memphis facility because of its failure to submit written AAPs. Maltbia requested that the West Memphis facility provide the AAPs within thirty days. The West Memphis facility did not do so.

On November 9, 1992, counsel for Trinity requested of Ramon that it be granted a waiver for its West Memphis facility and the entire Fittings Division from the duties, responsibilities, and obligations imposed by Executive Order 11246, § 503, and VEVRA, because such facilities did not produce goods or employ individuals connected with the performance or completion of Trinity's federal contracts. By letter dated November 10, 1992, counsel requested that OFCCP stay all enforcement proceedings and investigatory efforts pending OFCCP's resolution of the November 9, 1992, waiver requests.

By letter dated January 6, 1993, Maltbia requested that West Memphis provides copies of the AAPs within two weeks. Trinity did not do so. On January 22, 1993, Maltbia advised Trinity that if OFCCP did not receive the required AAPs by January 23, 1993, OFCCP would prepare the matter for enforcement. Trinity did not submit its AAPs by the January 23 deadline. By letter dated February 19, 1993, Leonard Biermann, Acting Director of the OFCCP, advised Trinity that he was denying its requests for a waiver for the West Memphis facility under VEVRA and Executive Order 11246. However, he also stated that OFCCP would consider Trinity's request for a waiver from § 503 requirements as pending, and that Trinity did not have to submit its § 503 AAP until OFCCP developed standards for granting waivers of affirmative action requirements pursuant to § 503. Biermann also advised Trinity that OFCCP would not stay investigatory efforts or enforcement proceedings, but that he would provide the Little Rock District Office with a copy of his letter.

OFCCP submitted the case file to the Dallas Regional Solicitor's Office on March 22, 1993, with a recommendation that enforcement proceedings be initiated because of Trinity's failure to submit the required AAPs. Robert Greaux, Director of Program Operations for OFCCP, states in a sworn affidavit that OFCCP will not initiate an administrative enforcement action against Trinity for its failure to submit a § 503 AAP for its West Memphis facility while its § 503 waiver request remains pending.

On March 24, 1993, Trinity filed a complaint in this Court praying for a judgment declaring that the OFCCP has no jurisdiction to proceed against West Memphis because West Memphis is not a federal contractor or subcontractor under the provisions of Executive Order 11246, as amended, the Rehabilitation Act of 1973, as amended, and VEVRA. Trinity also seeks a preliminary injunction enjoining Defendants from going forward with enforcement proceedings until the issue of whether Robert Reich, as well as the Department of Labor's other agents, servants, executives, and attorneys, have jurisdiction to go forward with said enforcement proceedings against Trinity when the facilities at issue do not have federal contracts or subcontracts which would make said facilities subject to orders, statutes, and regulations purporting to authorize Defendants' actions. Alternatively, Trinity requests a preliminary injunction enjoining Defendants from going forward with enforcement proceedings against Trinity until there is an administrative procedure in place whereby Trinity may seek resolution of the above-described issue with the Department of Labor.

Executive Order 11246 and its implementing regulations (41 C.F.R. §§ 60–1.1—60–60.8) prohibit federal contractors and subcontractors holding such contracts of $10,000 or more from discriminating against employees and applicants for employment on the basis of race, color, sex, religion, and national origin. The regulations set forth the affirmative action obligations of federal contractors and subcontractors and establish enforcement procedures for violation of contractor obligations. The regulations assign to the Director of the OFCCP the authority and responsibility "for carrying out the responsibilities assigned to the Secretary under the Executive order." 41 C.F.R. § 60–1.2.

Section 4212 of VEVRA requires all federal contractors and subcontractors holding such contracts of $10,000 or more to take affirmative action to employ and advance in employment qualified disabled veterans and veterans of the Vietnam era. 38 U.S.C. § 4212. The Regulations promulgated by the Secretary (41 C.F.R. §§ 60–250—60–250.53) set forth the affirmative action obligations of contractors and establish enforcement procedures. The regulations assign to the Director of the OFCCP primary responsibility "for undertaking such investigations of complaints and other matters as well as evaluations of contractor and agency performance as may be necessary to assure that the purposes of ... [VEVRA] are being effectively carried out." 41 C.F.R. § 60–250.25.

Section 503 of the Rehabilitation Act of 1973 requires all federal contractors and subcontractors holding such contracts of $10,000 or more to take affirmative action to employ and advance in employment qualified individuals with disabilities. 29 U.S.C. § 793(a) (1993). The Regulations promulgated by the Secretary (41 C.F.R. §§ 60–741.1—60–741.54) set forth the affirmative action obligations of contractors and establish enforcement procedures. The regulations assign to the Director of OFCCP primary responsibility "for undertaking such investigations of complaints and other matters as well as evaluations of contractor and agency performance as may be necessary to assure that the purposes ... [of § 503] are being effectively carried out." 41 C.F.R. § 60–741.25.

The regulations implementing Executive Order 11246, VEVRA, and § 503 impose certain affirmative action obligations on covered contractors (contractors who have 50 or more employees and who have a contract of $50,000 or more), including the requirement that contractors prepare written affirmative action plans for each of its establishments. 41 C.F.R. § 60–1.40; 41 C.F.R. § 60–250.5; 41 C.F.R. § 60–741.5. The regulations implementing Executive Order 11246 provides that if a contractor does not show good cause for its failure to develop an acceptable AAP, the case file shall be processed for enforcement. 41 C.F.R. § 60–2.2(c)(2). The regulations

implementing VEVRA and § 503 provide that OFCCP may initiate enforcement proceedings if the contractor does not comply with the requirements of the respective Acts, which include the development of an acceptable AAP. 41 C.F.R. § 60–250.4(i) and (j); 41 C.F.R. § 60–741.4(b) and (c).

Executive Order 11246, VEVRA, and § 503 each provide a regulatory mechanism by which the contractor may seek a waiver from coverage for particular facilities. Under the Executive Order 11246 and VEVRA, a contractor may seek from the Director of the OFCCP an exemption from coverage for any of its facilities which the Director finds to be "in all respects separate and distinct from activities of the prime contractor or subcontractor related to the performance of the contract or subcontract, provided that [the Director] also finds that such an exemption will not interfere with or impede the effectuation of the [order or Act]." 41 C.F.R. § 60–1.5(b)(2); 41 C.F.R. § 60–250.3(a)(5).

29 U.S.C. § 793 provides that "[t]he Secretary of Labor may waive the requirements of the affirmative action clause required by the regulations promulgated under subsection (a) of this section with respect to any of a prime contractor's or subcontractor's facilities that are found to be in all respects separate and distinct from activities of the prime contractor or subcontractor related to the performance of the contract or subcontract, if the Secretary of Labor also finds that such a waiver will not interfere with or impede the effectuation of this chapter." 29 U.S.C. § 793(c)(2)(A); 41 C.F.R. § 60–741.3(a)(5). Subsection (c)(2)(B) provides that "[s]uch waivers shall be considered only upon the request of the contractor or subcontractor" and that "the Secretary of Labor shall promulgate regulations that set forth the standards used for granting such a waiver." Those standards currently are being developed.

If an administrative enforcement action is filed under Executive Order 11246, VEVRA, or section 503, a contractor is afforded the opportunity for a hearing before an ALJ, at which it may present evidence, as well as examine and cross-examine witnesses. 41

C.F.R. §§ 60–30.14—60.30.19; 41 C.F.R. § 60–250.29(b); 41 C.F.R. 60–741.29(b). Based upon the hearing record, and after submission of briefs by the parties, the ALJ certifies recommended findings of fact, conclusions of law, and a recommended decision to the Secretary of Labor for a final Administrative order. 41 C.F.R. §§ 60–30.25—60–30.27. After the parties have had an opportunity to file exceptions and responses to the ALJ's recommended decision, the Secretary issues a final administrative determination. 41 C.F.R. § 60–30.28—60–30.30. The federal contractor may seek review of the final administrative determination in federal court pursuant to the Administrative Procedure Act, 5 U.S.C. § 701 et seq.

 Defendants contend that this action should be dismissed because Trinity has failed to exhaust its administrative remedies. Pursuant to the exhaustion doctrine, a party ordinarily is required to pursue all available administrative remedies before obtaining judicial review on the merits of a claim. McKart v. United States, 395 U.S. 185, 193, 89 S.Ct. 1657, 1662, 23 L.Ed.2d 194 (1969); State of Missouri v. Bowen, 813 F.2d 864, 871 (8th Cir.1987). Until administrative recourse is exhausted, suit is premature and must be dismissed. Reiter v. Cooper, 507 U.S. 258, ——, 113 S.Ct. 1213, 1220, 122 L.Ed.2d 604 (1993). The reasons underlying the application of the doctrine include the avoidance of premature interruption of the administrative process, allowing the administrative agency to develop the necessary factual background or correct its mistakes, and giving the agency the first opportunity to exercise its discretion or apply its expertise. McKart, 395 U.S. at 193, 89 S.Ct. at 1662; Schlesinger v. Councilman, 420 U.S. 738, 756, 95 S.Ct. 1300, 1312, 43 L.Ed.2d 591 (1975); Miss America Organization v. Mattel, Inc., 945 F.2d 536, 540 (2nd Cir.1991). In addition, "as a practical matter of judicial efficiency, vindication of rights in the administrative process may eliminate the need for court action." Mattel, 945 F.2d at 540, citing Schlesinger, 420 U.S. at 756–57, 95 S.Ct. at 1312–13. Further, requiring exhaustion discourages the "frequent and deliberate flouting of the administrative processes." McKart, 395 U.S. at 195, 89 S.Ct. at 1663.

 There are a number of exceptions to the exhaustion requirement. For instance, exhaustion is not required when the issue presented to the court is "one of purely statutory interpretation," Touche Ross & Co. v. S.E.C., 609 F.2d 570, 577 (2nd Cir.1979), or involves purely legal issues, Bethlehem Steel Corp. v. E.P.A., 669 F.2d 903, 907 (3rd Cir. 1982), Bowen, 813 F.2d at 871, Harris Trust and Savings Bank v. Marshall, 79 C 3002, 1979 WL 279 (N.D.Ill. August 3, 1979). Further, exhaustion is not required when the nonjudicial remedy is clearly shown to be inadequate to prevent irreparable injury. Mattel, 945 F.2d at 545. Only rarely will the agency action threaten so irreparable an injury as to justify interlocutory resort to corrective judicial process. Bristol–Myers Co. v. F.T.C., 469 F.2d 1116, 1118 (2d Cir.1972). Economic loss does not in and of itself generally constitute "irreparable injury" which might excuse the exhaustion requirement. Johnpoll v. Thornburgh, 898 F.2d 849, 851 (2d Cir.), cert. denied, 498 U.S. 819, 111 S.Ct. 63, 112 L.Ed.2d 38 (1990). Further, having to litigate a claim is not the sort of injury sufficient to justify an application of this exception. Id. See Frito–Lay, Inc. v. F.T.C., 380 F.2d 8, 10 (5th Cir.1967).

 A party also may escape the exhaustion requirement if it is able to show that the agency clearly exceeded its statutory authority. Philip Morris, Inc. v. Block, 755 F.2d 368, 370 (4th Cir.1985). Further, a remedy need not be exhausted if to do so would be a futile gesture. City Farmers Trust Co. v. Schnader, 291 U.S. 24, 34, 54 S.Ct. 259, 262, 78 L.Ed. 628 (1934); Porter County Chap. of Izaak Walton League v. Costle, 571 F.2d 359, 363 (7th Cir.), cert. denied, 439 U.S. 834, 99 S.Ct. 115, 58 L.Ed.2d 130 (1978); Anderson v. Hodel, 899 F.2d 766 (9th Cir.1990). In addition, exhaustion is not required where administrative proceedings involve questions of significant national interest or where the agency has clearly violated rights secured by the Constitution, statutes, or administrative regulations. Morris, 755 F.2d at 371; Uniroyal,

*Inc. v. Marshall,* 579 F.2d 1060, 1064 (7th Cir.1978).

The administrative process in this case has not progressed to the hearing stage. The Director of the OFCCP simply has advised Trinity that its request for a waiver for the West Memphis facility under VEVRA and Executive Order 11246 was being denied. Trinity's request for a waiver from § 503 requirements will remain pending until the Secretary promulgates standards for granting waivers. Trinity can then proceed through the administrative channels. Robert Greaux, Director of Program Operations for OFCCP, states in a sworn affidavit that OFCCP will not initiate an administrative enforcement action against Trinity for its failure to submit a § 503 AAP for its West Memphis facility while its § 503 waiver request remains pending.

The Defendants dispute Trinity's assertion that the West Memphis facility performs work which is in all respects separate and distinct from Trinity's federal contract work. Furthermore, it is unclear whether the Secretary or the Director has made a finding concerning whether a waiver will or will not interfere with or impede the effectuation of the Act. Under the circumstances, the Court finds that the question before the Court is not purely legal or purely one of statutory interpretation. *See Facchiano v. U.S. Dept. of Labor,* 859 F.2d 1163, 1168 n. 4 (3rd Cir.1988), *cert. denied,* 490 U.S. 1097, 109 S.Ct. 2447, 104 L.Ed.2d 1002 (1989).

The Court also finds that Trinity has not shown that the administrative proceedings involve questions of significant national interest, that the OFCCP has exceeded its statutory authority, or that the OFCCP has clearly violated rights secured by the Constitution, statutes, or administrative regulations. The Court further finds that Trinity has not clearly shown that its administrative remedy is inadequate to prevent irreparable injury or that exhaustion is a futile gesture. *See generally USAA Federal Savings Bank,* 849 F.2d 1505, 1506–10 (D.C.Cir.1988). An administrative hearing is not "futile" where the plaintiff "will be afforded a full opportunity to present evidence and argue its position." *St. Regis Paper Co. v. Marshall,* 591 F.2d 612, 614 (10th Cir.), *cert. denied,* 444 U.S. 828, 100 S.Ct. 55, 62 L.Ed.2d 36 (1979).

In summary, the Court finds that Trinity has available and adequate administrative remedies and that no exception to the exhaustion doctrine applies in this case. The Court further finds that Trinity has not shown sufficient cause to disrupt the administrative proceedings prior to a final agency decision and that this case should be dismissed without prejudice so that Trinity can exhaust its administrative remedies.

THEREFORE, the Court dismisses Trinity's complaint without prejudice so that Trinity can exhaust its administrative remedies.

IT IS SO ORDERED.